MANDATE

06-0588
United States v. Janashvili

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 14 2007 ★

LONG ISLAND OFFICE

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of a fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, Two thousand seven.

PRESENT:

    JOSÉ A. CABRANES
    REENA RAGGI
        *Circuit Judges*
    RICHARD M. BERMAN
        *District Judge*[*]

-------------------------------------x

UNITED STATES OF AMERICA,

    *Appellee*,

    -v.-                                                                                   No. 06-0588-cr

IRAKLI JANASHVILI,

---

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:

AUG 0 3 2007

*Defendant-Appellant.*
------------------------------------x

| | |
|---|---|
| APPEARING FOR APPELLANT: | John S. Wallenstein, Mineola, NY. |
| APPEARING FOR APPELLEE: | Roslynn R. Mauskopf, United States Attorney (Peter A. Norling, Lara Treinis Gatz, Assistant United States Attorneys, *of counsel*), United States Attorney's Office for the Eastern District of New York, Central Islip, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Defendant Irakli Janashvili appeals from an amended judgment of conviction, entered on February 3, 2006, after he was found guilty, following a jury trial, of one count of attempted extortion, in violation of 18 U.S.C. § 1951, and three counts of wire fraud, in violation of 18 U.S.C. § 1343, and sentenced to 41 months' imprisonment. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Janashvili's sole argument on appeal is that the evidence presented at trial was insufficient to support his conviction. "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government, and draw all reasonable inferences in its favor." *United States v. Giovanelli*, 464 F.3d 346, 349 (2d Cir. 2006) (internal citations, alterations, and quotation marks omitted). Under this standard, "we will affirm the jury verdict unless 'no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Schwarz*, 283 F.3d 76, 105 (2d Cir. 2002)).

We conclude, upon a careful review of the record, that Janashvili's challenge to the sufficiency of the evidence against him is without merit. Janashvili essentially argues that the jury improperly credited the testimony of his cousin, Raphael Yakoby, in reaching the decision to convict him. But we have made clear that "the credibility of witnesses is the province of the jury and we simply cannot replace the jury's credibility determinations with our own." *United States v. Khan*, 53 F.3d 507, 514 (2d Cir. 1995). Here, when viewed in its totality and when construed in favor of the Government, there was ample evidence supporting Janashvili's conviction on all counts.

We have reviewed all of Janashvili's remaining arguments and concluded they are

without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**

>FOR THE COURT,
>Catherine O'Hagan Wolfe, Clerk of Court
>
>By: *Lucille Carr*
>
>A TRUE COPY
>Catherine O'Hagan Wolfe, Clerk
>by: _____
>Deputy Clerk